(59 Misc. Rep. 62.)

### LUDWIG v. WALKER.

(Supreme Court, Special Term, New York County. April, 1908.)

1. JUDGMENT—EQUITABLE RELIEF.

Where a statement is added by a justice of a Municipal Court, who tries the case, to a judgment inadvertently and contrary to his intention, equity can grant relief against such judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 797.]

2. WORDS AND PHRASES—"SURPRISE"—"ACCIDENT."

In legal intendment, "surprise" is practically synonymous with "accident," and the latter is defined to be an unforeseen event, occurring external to the party affected by it and of which his own agency is not the proximate cause, whereby, contrary to his own intention and wishes he loses some legal right or becomes subjected to some legal liability, and another person acquires a corresponding legal right, which it would be a violation of good conscience for the latter person, under the circumstances, to retain.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, p. 71; vol. 8, pp. 6818, 6819.]

3. JUDGMENT—EQUITABLE RELIEF—COMPLAINT.

Where plaintiff seeks equitable relief against a judgment, where he has lost his remedies at law by failure to resort to them because of statements of the justice who rendered the judgment, the complaint should allege that plaintiff relied on such statements.

Action by Jacob E. Ludwig against W. Arthur G. Walker for reformation of a judgment. Demurrer to complaint sustained.

See 55 Misc. Rep. 272, 105 N. Y. Supp. 157.

Fried & Czaki, for plaintiff.

Crane & Lockwood, for defendant.

BISCHOFF, J. The action is for the reformation of a judgment of one of the Municipal Courts of the city of New York, rendered in an action wherein the position of the litigant parties was reversed, and the relief sought is to have stricken from the judgment record a certain statement, the effect of which is to estop the plaintiff from the enforcement against the defendant of the balance of certain demands against the latter, which demands were interposed as counterclaims in the Municipal Court action and therein allowed to the limit of the jurisdiction of that court, to wit, $500 and interest (Municipal Court Act, Laws 1902, pp. 1487, 1540, ch. 580, §§ 1, 157), or, in the alternative, to amend the statement so that it shall appear therefrom that the recovery upon the counterclaims did not exhaust the amount at

which they were determined to be due and owing. The complaint is demurred to for insufficiency in substance.

It is alleged, and the demurrer concedes, that the Municipal Court action was brought to recover the sum of $469.62 for merchandise sold and delivered; that four distinct counterclaims, aggregating $2,255.67, were interposed; that the action was tried; that the several claims were litigated, and decision reserved; that the trial justice found in favor of the counterclaims, fixing the aggregate amount due thereon at $2,156.68; that he rendered judgment for the plaintiff upon the counterclaims in $500, with interest and costs, the limit of his jurisdiction, and that by inadvertence he added to the judgment a statement as follows: "Whole amount due the defendant" (the plaintiff in the present action) "upon counterclaim"—so that it appears from the record that the judgment included the full amount at which the counterclaims were determined. Without this statement the plaintiff would have been free to pursue the defendant for and to recover the balance of the demands involved in the counterclaims. Municipal Court Act, § 157. To excuse the plaintiff's failure to avail himself of his legal remedies, correction of the judgment on motion (Municipal Court Act, p. 1563, § 254), or by appeal therefrom (section 311, p. 1578), the complaint further alleges, and the demurrer further concedes, that three days before the judgment was actually rendered the justice communicated with the plaintiff and requested him to formulate a statement to be added to the judgment, the effect of which would be to save the plaintiff's right to proceed for the balance of his counterclaims; that the plaintiff prepared a memorandum for the justice, calling his attention to the provisions of section 157 of the Municipal Court Act, and requested him to add to the judgment about to be rendered a statement in terms either that the judgment did not cover the entire amount found to be due upon the counterclaims, or that the aggregate amount of the counterclaims was determined at $2,-156.68; and that he, the plaintiff, remained in ignorance of the actual condition of the judgment until some time after the periods for its correction on motion, or to appeal therefrom, had expired. It is to be noted here that in Municipal Court actions the judgment record is made without the participation of the parties or their attorneys.

The facts, I have no doubt, make out a case of accident or surprise for which neither party is chargeable, but which, if left without redress, would result in substantial loss to the plaintiff and unconscionable advantage to the defendant. The statement actually added to the judgment was not the result of error of law on the part of the trial justice, but was concededly made contrary to his intention; that is to say, inadvertently—his actual intention at the time having been to add a statement, unnecessary perhaps, but to the very opposite effect. In such a case a court of equity has ample authority to grant relief. Misconduct of the person against whom the relief is sought is not a constitutive of the right to such relief. For illustration, it is only necessary to allude to the cases of written instruments lost or destroyed without design upon the part of any person. In legal intendment "surprise" is practically synonymous with "accident" (1 Am. & Eng. Ency. of Law, 278), and the latter is defined to be "an unfore-

seen and unexpected event, occurring external to the party affected by it, and of which his own agency is not the proximate cause, whereby, contrary to his own intention and wish, he loses some legal right or becomes subjected to some legal liability, and another person acquires a corresponding legal right, which it would be a violation of good conscience for the latter person, under the circumstances, to retain." 2 Pom. Eq. Juris. (3d Ed.) § 823; 1 Am. & Eng. Ency. of Law, 277.

So far, therefore, upon the question of accident or surprise, this complaint does state a cause of action of equitable cognizance; but, as I read the allegations, there is an omission of a constituent element of the cause of action upon the question of an excuse for the failure of the party to resort to his remedies at law, which remedies have been lost. I refer to the absence of an allegation that the plaintiff did in fact rely upon the statement made by the justice as to the decision to be rendered. I may assume that the averment was intended to be embodied in this complaint, since the framing of the pleading, as a whole, is in harmony with such an intention; but the fact of reliance is not alleged, and, obviously, unless this fact were proven at the trial the whole case would fail. The circumstances disclose an excuse for reliance upon what was said so far as to induce the party to refrain from what otherwise would have been the ordinary diligence of a suitor in examining the record; but, unless reliance had been actively operative, the circumstances which would have justified that reliance, taken alone, would amount to nothing for the purposes of a cause of action for equitable relief. If he did rely upon the statement made to him by the justice, the plaintiff is not necessarily to be charged with having lost his remedies at law by inexcusable laches. However much it may have been incumbent upon him, ordinarily, to ascertain the condition of the judgment record to which he was a party with reasonable diligence, the assurance of the justice that it was his intention to preserve the plaintiff's right to proceed for the balance of the counterclaims as determined, coupled with a request for and the submission to him of an appropriate form of statement for the judgment, may reasonably be taken to have had the effect of overcoming the suitor's possible or reasonable apprehension of a mistake on the part of the justice, sufficiently, at least, to have caused him to refrain from earlier inquiry into the condition of the judgment in his favor. But the fact of his reliance on what was stated is, of course, essential if he is to be excused from taking other steps because of that very statement; and while, no doubt, the complaint may be readily amended in such wise as to present a cause of action by the addition of this single allegation, the demurrer to the pleading as it stands must be sustained.

Demurrer sustained, with costs, with leave to plaintiff to amend within 20 days upon payment of costs.